[Rockingham, December, 1880.]

### WINSLOW *v.* LOCKE.

ASSUMPSIT. Facts found by a referee. The plaintiff delivered to the defendant goods sold by the plaintiff on the credit of one E. L., who became bankrupt. By an oral agreement between the plaintiff, the defendant, and E. L., the defendant became the plaintiff's debtor for the goods in place of E. L. The plaintiff did not prove this claim against E. L., but proved other claims against him, and signed his composition release.

*Caverly*, for the plaintiff.

*Copeland & Edgerly*, for the defendant. 1. The defendant's promise was within *s.* 5131 of U. S. Rev. St., which declares void any contract, made by a bankrupt or other person with a creditor, for securing the payment of any money as a consideration for or with intent to induce the creditor to forbear opposing the bankrupt's discharge.
2. The defendant's promise was void at common law for want of consideration, and under the statute of frauds as an oral promise to pay the debt of another. *Belknap* v. *Bender*, 75 N. Y. 446.

DOE, C. J. It does not appear that the defendant's promise was made to induce the plaintiff to forbear opposing the bankrupt's discharge. Such a purpose is not a fact found by the referee. The original debts for the goods were due, one from the defendant to E. L., and the other from E. L. to the plaintiff. In the novation the plaintiff accepted the defendant as debtor in place of E. L., and the defendant accepted the plaintiff as creditor in place of E. L. The defendant, exchanging one creditor for another, promised to pay his own debt.

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.